UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SAME SUFFIE DUMEUS a/k/a            )
SAMMY S. DUMEUS,                    )
                                    )
      Plaintiff,                )
                                    )    Civil Action No.
      v.                        )    18-10339-FDS
                                    )
CITIMORTGAGE, INC.,                 )
                                    )
      Defendant.                )
_____ )

## MEMORANDUM AND ORDER

SAYLOR, J.

### I. Introduction

This is the second virtually identical civil action concerning plaintiff's mortgage foreclosure. Accordingly, for the reasons stated below, the Court will: (1) allow the motion to proceed *in forma pauperis*; and, (2) dismiss the complaint under principles of claim preclusion.

### II. Background

On March 6, 2018, *pro se* plaintiff Same-Suffie Dumeus filed this action on a civil complaint form against defendant Citimortgage, Inc., for its alleged "wrongful denial of the loan modification."[1] Attached to the form is a complaint that is virtually identical to that previously filed in *Dumeus v. Citimortgage, Inc.*, 13-12016-GAO. Compare *Dumeus v. Citimortgage, Inc.*, 18-10339-FDS, ECF No. 1, pp. 6-30, with *Dumeus v. Citimortgage, Inc.*, 13-12016-GAO, ECF No. 1. In the prior action, Judge O'Toole ordered Dumeus to amend the complaint because of

---

[1] The Court presumes that Yves Joseph was improperly named as a plaintiff in this action where the complaint form identified only Dumeus and is not signed by Joseph. Moreover, Joseph was dismissed as a party in the earlier filed, identical action based upon the representation by Dumeus that Joseph had no interest in the property. *Dumeus v. Citimortgage, Inc.*, 13-12016-GAO, ECF Nos. 7 and 9.

pleading defects and jurisdictional concerns. After counsel appeared, the complaint was amended, and Citimortgage filed a motion to dismiss. Judge O'Toole granted the motion to dismiss, and judgment of dismissal entered. *Dumeus v. Citimortgage, Inc.*, 13-12016-GAO, ECF Nos. 23, 28 and 29. Along with her complaint in this action, Dumeus filed a motion to proceed *in forma pauperis*.

### III. Discussion

#### A. The Court Will Grant the Motion to Proceed *In Forma Pauperis*

The Court will allow the motion for leave to proceed *in forma pauperis*. Because the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint prior to issuing a summons of Citimortgage, and dismiss the action if it is frivolous or fails to state claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

#### B. The Action Will Be Dismissed under the Doctrine of Claim Preclusion

The doctrine of claim preclusion provides that, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating claims that were raised or could have been raised in that action." *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012)*(quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.,* 48 F.3d 576, 583 (1st Cir.1995). It "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on adjudication." *Hatch*, 699 F.3d at 45 (alterations and quotations omitted). The elements of claim preclusion are satisfied where there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits. *Id.*

All of the elements of claim preclusion are satisfied: final judgment entered in the prior action on January 29, 2015; the original complaint in the prior action and this action are

identical; and the parties are identical.  Accordingly, the Court will dismiss this action under principles of claim preclusion.[2]

## IV. Conclusion

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is allowed, and the action is hereby DISMISSED.  The clerk shall enter a separate order of dismissal.

**So Ordered.**

Dated:  March 29, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

---

[2] A *sua sponte* dismissal is appropriate because "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)..